(No. 39769.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JAMES DOYLE POTTS, Appellant.

*Opinion filed September 24, 1968.*

ROBERT L. GORECKI, of St. Charles, appointed by the court, for appellant.

WILLIAM R. KETCHAM, State's Attorney, of Elgin, (W. BEN MORGAN, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant, James Doyle Potts, was tried by jury in the circuit court of Kane County, convicted of the crime of armed robbery and sentenced to the penitentiary for a term of not less than 1 nor more than 10 years. An appeal from the judgment of conviction has been taken directly to this court, a constitutional question allegedly being involved.

The defendant claims that certain articles illegally obtained in a search without a warrant were admitted in evidence against him. We find it unnecessary to consider the evidence in detail with respect to the search. Defendant was jointly indicted and tried with James McCrimmon. The motion to suppress the evidence was the joint motion of the defendant, McCrimmon, and another co-defendant, and the evidence at the hearing on the motion to suppress was the same as to the defendant as the evidence against McCrimmon. In *People* v. *McCrimmon*, 37 Ill.2d 40, *certiorari* denied 389 U.S. 863, 19 L. Ed. 2d 131, 88 S. Ct. 120, we considered that evidence and held that there was probable cause for the arrest of McCrimmon, who was the driver of a car in which the defendant and the other co-defendant were riding. We held that a search of the car at the time of the arrest was lawful and that a gun and a purse found in the car were properly admitted in evidence. Although the motion to suppress also claimed that a search of defendant's jacket at the police station was illegal, the articles found therein were not admitted in evidence, and the only question on this appeal concerns the search of the car. We have heretofore held that the arrest and ensuing search of the car was valid and we adhere to that opinion on this appeal.

The defendant further contends that the evidence was insufficient to establish his guilt beyond a reasonable doubt. We cannot agree. The defendant was identified at a police line-up by a witness employed in the restaurant which was robbed. Defendant attacks the credibility of this witness's testimony but this was a matter for the jury to determine. A police officer testified that he saw the defendant in McCrimmon's car near the scene of the crime a very short time after the robbery had occurred. The defendant was apprehended shortly after the crime and some of the proceeds of the robbery were found in the car. In our opinion the evidence was sufficient to establish the defendant's guilt.

The judgment of the circuit court of Kane County is affirmed.

*Judgment affirmed.*